PEAT PRODUCTS CORP. *v.* UNITED STATES (No. 4569) [1]

---

[1] C. A. D. 375.

United States Court of Customs and Patent Appeals, November 17, 1947

James W. Bevans for appellant.

Paul P. Rao, Assistant Attorney General (Alfred A. Taylor, Jr., special attorney, of counsel), for the United States.

[Oral argument October 8, 1947, by Mr. Bevans and Mr. Taylor, Jr.]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, C. D. 1033, holding certain peat moss, "poultry grade," imported from Canada, dutiable at 50 cents per ton under the eo nomine provision for peat moss in paragraph 1548 of the Tariff Act of 1930, as assessed by the collector at the port of Buffalo.

Paragraph 1548 reads:

Peat moss, 50 cents per ton.

Appellant protested the classification, claiming that the merchandise was properly free of duty under paragraph 1685 of the Tariff Act of 1930 as "manures" or as a substance "used chiefly for fertilizers, or chiefly as an ingredient in the manufacture of fertilizers."

Paragraph 1685 reads:

Guano, basic slag (ground or unground), manures, and (notwithstanding any other provision of this Act) those grades of all other substances used chiefly for fertilizers, or chiefly as an ingredient in the manufacture of fertilizers.

Evidence was introduced by each of the parties.

It clearly appears from the record that the peat moss here involved is known and chiefly used as a so-called "poultry grade." There is also a "horticultural grade" of peat moss which apparently is chiefly used as fertilizer.

The testimony in the case is quite voluminous and has been fully set forth and discussed in the decision of the trial court which held that the "poultry grade" of peat moss here involved, which is not ground as finely as the "horticultural grade," is used in its imported condition chiefly as "litter" or bedding in chicken houses where it is "allowed to remain on the floors of the houses for a considerable period during which it becomes impregnated with chicken droppings, and the resultant product of peat and chicken droppings is used as a fertilizer."

It further appears from the record, as stated by the trial court, that the "poultry grade" of peat moss is used in chicken houses for sanitary reasons; that it keeps the chicken houses in a more cleanly condition and prevents disease; that in that respect it is more valuable than straw or sand or other bedding material; and that when the

chickens have matured (at least ten weeks after the "poultry grade" peat moss is spread on the floor of the chicken houses) it is removed and either used directly as a fertilizer or, in some instances, it is screened and ground for that purpose. There is some evidence that it is used in its imported condition as a fertilizer but that its chief use, as held by the trial court, is as "litter" or bedding in chicken houses. When so used, it absorbs the chicken droppings which greatly enhances its value as a fertilizer. The reason the finely ground peat moss, or "horticultural grade," is not used in chicken houses is because the dust produced by the flapping of the wings of the chickens causes disease and is, therefore, objectionable for that purpose.

It is contended by counsel for appellant that should it be held that the merchandise here involved is not chiefly used in its imported condition as fertilizer, it should be held free of duty as an ingredient in the manufacture of fertilizer under paragraph 1685, *supra*. The trial court disposed of this contention by stating that the use of the involved merchandise in its imported condition as a "litter" or bedding in chicken houses to absorb chicken droppings, did not constitute the use of the involved peat moss as an ingredient in the manufacture of fertilizer under the provision in question, and in support of its decision cited the case of *Half Moon Manufacturing & Trading Co. et al.* v. *United States*, 9 Cust. Ct. 37, C. D. 656, where it was held that the "poultry grade" of peat moss was dutiable, as assessed by the collector, at 50 cents per ton under the *eo nomine* provision of paragraph 1548 of the Tariff Act of 1930. In that case the court cited the cases of *Hartranft* v. *Wiegmann*, 121 U. S. 609, and *Frazee* v. *Moffitt*, 20 Blatch. 267. In the instant case the court referred to the authorities cited in the case of *Half Moon Manufacturing & Trading Co. et al.* v. *United States, supra,* and to the cases of *Tide Water Oil Co.* v. *United States*, 171 U. S. 210, 216, and *Ishimitsu* v. *United States*, 11 Ct. Cust. Appls. 186, T. D. 38963.

In the *Hartranft* case, *supra*, the trial court stated that the Supreme Court held, as is apparent from the decision, that the mere "application of labor to an article does not necessarily make it a manufactured article, and that shells from which the outer layer had been removed by acid, and the second layer ground by an emery wheel, were not manufactured," and that in the *Frazee* v. *Moffitt* case, *supra*, the pressing of hay into bales was not a process of manufacture.

In the instant case no labor of any kind was applied to the imported merchandise, prior to its use as a "litter" or bedding in chicken houses, to fit it for use as a fertilizer. On the contrary, it was used, as hereinbefore noted, as a "litter" or a bedding in chicken houses in which it obtained a most valuable ingredient as a fertilizer. Had it been mixed with chicken droppings or other material in order to make it more

useful as a fertilizer, at the time of its importation into the United States, the argument of counsel for appellant would require more serious consideration. It is clear, however, from the evidence in the case, as held by the trial court, that, although some of the imported "poultry grade" peat moss, after having been used as "litter" or bedding, was ground and screened for use as fertilizer, it does not appear that at the time of importation the material was so used.

We are in agreement with the decision of the court below that the use of the imported material as a "litter" or bedding in chicken houses was, at the time of importation, its chief use, and that it was not chiefly used either as fertilizer or as an ingredient in the manufacture of fertilizer.

It was argued by counsel for appellant that the involved merchandise was covered by the word "manures" in paragraph 1685, *supra*, and that, therefore, it was free of duty under that paragraph. The difficulty with that argument is that the Congress has provided in paragraph 1548, *supra*, for peat moss at 50 cents per ton. Accordingly, it is obvious that the Congress did not have in mind that all peat moss, as such, was free of duty as manures, but that only those grades of peat moss which were chiefly used as fertilizers or as an ingredient in the manufacture of fertilizers were intended to come within the free provision of paragraph 1685, *supra*. In view of what has been said, we think it is clear that the involved material is not within the term "manures" as used in paragraph 1685, *supra*.

It is unnecessary for us to discuss the evidence in detail as it has been fully set forth and properly analyzed in the decision of the trial court.

We are of opinion that the trial court reached the right conclusion. Accordingly, its judgment is *affirmed*.